IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Civil Action No. 5:08CV102
                                                       (STAMP)

PAUL J. HARRIS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO DISMISS**

I. Procedural History

The plaintiff, the United States of America, filed a complaint against the defendant, Paul J. Harris, for declaratory judgment and money damages owed to the Centers for Medicare and Medicaid Services by virtue of third-party payments made to a Medicare beneficiary. The defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to which the plaintiff responded. The defendant did not file a response. For the reasons set forth below, the defendant's motion to dismiss is denied.

II. Facts[1]

On or about May 22, 2002, Mr. James Ritchea ("Mr. Ritchea"), a Medicare beneficiary, sustained injuries when he fell off a ladder purchased from a local retailer. As a result, the Centers for Medicare and Medicaid Services ("CMS") paid approximately

---

[1]In accordance with the applicable standard of review, stated below, this Court will accept, for the purposes of deciding this motion, the factual allegations contained in the complaint as true.

$22,549.67 in Medicare claims submitted on behalf of Mr. Ritchea for medical services. Thereafter, Mr. Ritchea and his wife retained the defendant, Paul J. Harris ("Mr. Harris" and/or "defendant"), and sued the ladder retailer, alleging that the retailer was liable for Mr. Ritchea's injuries. The action was settled in July 2005, and as part of this settlement, the Ritcheas and Mr. Harris received a payment of $25,000.00.

After Mr. Harris forwarded to Medicare details of this settlement payment, as well as his attorney's fees and costs, Medicare calculated that it was owed approximately $10,253.59 out of the $25,000.00 settlement. Now, because this amount has not been repaid to Medicare within a statutorily-required sixty-day time period, CMS claims that it is entitled to its calculated share of the settlement plus interest, and that it will not pay its full share of attorney's fees and costs. Accordingly, CMS is now seeking total payment of $11,367.78 from the defendant for the Medicare claims paid on behalf of the defendant's client, Mr. Ritchea.

### III. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the

plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim and that no set of facts would support plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45.

## IV. Discussion

In his motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendant argues that a

lawyer, in representing a client, cannot be held individually liable under 42 U.S.C. § 1395y(b)(2) when he or she distributes settlement funds with the knowledge and consent of the government. Thus, because he allegedly forwarded the details of the settlement to the government, the defendant argues that the settlement funds were distributed to his clients with the government's knowledge and consent, and he cannot be held individually liable to repay the debt.

This Court disagrees. Section 1395y(b)(2)(B)(ii) of the Social Security Act, commonly known as the Medicare Secondary Payer Statute ("MSPS"), states, in pertinent part, that when Medicare makes a conditional payment for medical services received as a result of an injury caused by another party, the government has a right of recovery for the conditional payment amount against any entity responsible for making the primary payment:

> <u>Repayment required</u>. A primary plan, and an entity that receives payment from a primary plan, shall reimburse the appropriate Trust Fund for any payment made by the secretary under this title . . . with respect to an item or service if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service. A primary plan's responsibility for such payment may be demonstrated by a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means.

42 U.S.C. § 1395y(b)(2)(B)(ii). <u>See also</u> <u>Cox v. Shalala</u>, 112 F.3d 151, 154 (4th Cir. 1997) ("When such a conditional payment is made for medical care, the government has a direct right of recovery for

4

the entire amount conditionally paid from any entity responsible for making primary payment.").

To recover payment, the government may "bring an action against any or all entities that are or were required or responsible . . . to make payment with respect to the same item or service . . . under a primary plan." 42 U.S.C. § 1395y(b)(2)(B)(iii). Alternatively, the government "may recover under this clause from <u>any entity that has received payment from a primary plan or from the proceeds of a primary plan's payment to any entity</u>." <u>Id.</u> (emphasis added). <u>See also</u> <u>Cox</u>, 112 F.3d at 154 ("In the alternative, the government's right of recovery is subrogated to the rights of an individual or entity which has received a payment from the responsible party."). The federal regulations implementing the MSPS provide the entities in which the government can recover primary payments:

> <u>Recovery from parties that receive primary payments</u>. CMS has a right of action to recover its payments from any entity, including a beneficiary provider, supplier, physician, <u>attorney</u>, State agency or private insurer that has received a primary payment.

42 C.F.R. § 411.24(g) (emphasis added).

In this case, the Ritcheas and the defendant received a $25,000.00 settlement and primary payment from the ladder retailer. Because the ladder retailer took responsibility for the payment of Mr. Ritchea's medical services, demonstrated by "a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability)

5

of payment for items or services included in a claim against the primary plan or the primary plan's insured," the government can now seek reimbursement for the medical services paid for by Medicare. 42 U.S.C. § 1395y(b)(2)(B)(iii). Furthermore, because the government can recover such payments "from <u>any entity</u> that has received payment from a primary plan," including an attorney, the defendant's argument that he cannot be held individually liable to reimburse the government under 42 U.S.C. § 1395y(b)(2) is without merit. 42 U.S.C. § 1395y(b)(2)(B)(iii); 42 C.F.R. § 411.24(g). Accordingly, the defendant's motion to dismiss must be denied.

V. <u>Conclusion</u>

For the reasons stated above, the defendant's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    November 13, 2008

<u>/s/ Frederick P. Stamp, Jr.</u>  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE