IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                   Civil Action No. 5:08CV102
                                                     (STAMP)
PAUL J. HARRIS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND**
**DENYING AS MOOT PLAINTIFF'S MOTION TO STAY DISCOVERY**

I.  Procedural History

The plaintiff, the United States of America, filed a complaint against the defendant, Paul J. Harris, for declaratory judgment and money damages owed to the Centers for Medicare and Medicaid Services by virtue of third-party payments made to a Medicare beneficiary. On November 13, 2008, this Court denied the defendant's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Currently before this Court is the plaintiff's motion for summary judgment, which has been fully briefed by the parties and is ready for disposition by this Court. In addition, the plaintiff has filed a motion to stay discovery pending this Court's decision on its motion for summary judgment. The defendant did not file a response. For the reasons set forth below, this Court grants the plaintiff's motion for summary judgment, and denies as moot the plaintiff's motion to stay discovery.

## II.  <u>Facts</u>

On or about May 22, 2002, Mr. James Ritchea ("Mr. Ritchea"), a Medicare beneficiary, sustained injuries when he fell off a ladder purchased from a local retailer.  As a result, because Mr. Ritchea was eligible for benefits through the Medicare health care benefit program, the Centers for Medicare and Medicaid Services ("CMS") paid approximately $22,549.67 in Medicare claims submitted on behalf of Mr. Ritchea for medical services.

Thereafter, Mr. Ritchea and his wife retained the defendant, Paul J. Harris ("Mr. Harris"), as their attorney to sue the ladder retailer, alleging that the retailer was liable for Mr. Ritchea's injuries.  The action was settled in July 2005, and as part of this settlement, the Ritcheas and Mr. Harris received a sum of $25,000.00.

Mr. Harris admits that he forwarded to Medicare details of this settlement payment, as well as his attorney's fees and costs. Based upon this information provided by Mr. Harris, Medicare calculated that it was owed approximately $10,253.59 out of the $25,000.00 settlement, determined by Mr. Harris's share of the attorney's fees and costs subtracted from the total medical payment.  CMS informed Mr. Harris of this decision by letter dated December 13, 2005.  That letter also informed Mr. Harris of the applicable appeal rights, advising Mr. Harris that if his client disagreed with the amount of overpayment, an appeal must be filed within 120 days of receipt of CMS's letter.  Neither Mr. Harris nor

his clients filed an appeal and, to date, the debt has not been paid.

Now, because this amount has not been repaid to Medicare within the statutorily-required sixty-day time period, CMS claims that it is entitled to its calculated share of the settlement plus interest, and that it will not pay its full share of attorney's fees and costs. Accordingly, CMS is seeking total payment of $11,367.78 plus interest from Mr. Harris for the Medicare claims paid on behalf of the defendant's client, Mr. Ritchea.

## III. <u>Applicable Law</u>

Under Federal Rule of Civil Procedure 56(c), summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1095 (1992) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)).

"[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his

pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 256. The Court must perform a threshold inquiry to determine whether a trial is needed -- whether, in other words, "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Id.</u> at 250; <u>see also</u> <u>Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (citing <u>Stevens v. Howard D. Johnson Co.</u>, 181 F.2d 390, 394 (4th Cir. 1950)).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. <u>See</u> <u>Oksanen v. Page Mem'l Hosp.</u>, 912 F.2d 73, 78 (4th Cir. 1990), <u>cert. denied</u>, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

### IV.  Discussion

#### A.  Plaintiff's Motion for Summary Judgment

Section 1395y(b)(2)(B)(ii) of the Social Security Act, commonly known as the Medicare Secondary Payer Statute ("MSPS"), states, in pertinent part, that when Medicare makes a conditional payment for medical services received as a result of an injury caused by another party, the government has a right of recovery for the conditional payment amount against any entity responsible for making the primary payment:

> Repayment required.  A primary plan, and an entity that receives payment from a primary plan, shall reimburse the appropriate Trust Fund for any payment made by the secretary under this title . . . with respect to an item or service if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service.  A primary plan's responsibility for such payment may be demonstrated by a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means.

42 U.S.C. § 1395y(b)(2)(B)(ii).  See also Cox v. Shalala, 112 F.3d 151, 154 (4th Cir. 1997) ("When such a conditional payment is made for medical care, the government has a direct right of recovery for the entire amount conditionally paid from any entity responsible for making primary payment.").

To recover payment, the government may "bring an action against any or all entities that are or were required or responsible . . . to make payment with respect to the same item or service . . . under a primary plan."  42 U.S.C.

§ 1395y(b)(2)(B)(iii). Alternatively, the government "may recover under this clause from <u>any entity that has received payment from a primary plan or from the proceeds of a primary plan's payment to any entity</u>." <u>Id.</u> (emphasis added). <u>See also</u> <u>Cox</u>, 112 F.3d at 154 ("In the alternative, the government's right of recovery is subrogated to the rights of an individual or entity which has received a payment from the responsible party."). The federal regulations implementing the MSPS provide the entities in which the government can recover primary payments:

> <u>Recovery from parties that receive primary payments</u>. CMS has a right of action to recover its payments from any entity, including a beneficiary provider, supplier, physician, <u>attorney</u>, State agency or private insurer that has received a primary payment.

42 C.F.R. § 411.24(g) (emphasis added).

A party who does not agree with CMS's determination of the amount of reimbursement has recourse through an administrative appeals process. "Any individual dissatisfied with any initial determination shall be entitled to reconsideration of the determination, and . . . a hearing thereon by the Secretary [of Health and Human Services] . . . and to judicial review of the Secretary's final decision after such hearing." 42 U.S.C. § 1395ff(b)(1)(A). <u>See also</u> 42 C.F.R. §§ 405.940, 405.960, 405.1000, 405.1100. The party has 120 days after receiving CMS's initial determination to appeal. 42 U.S.C. § 1395ff(a)(3)(C)(I).[1]

---

[1]A detailed description of the appeals process can be located in Chapter 29 of the Medicare Claims Processing Manual, Appeals of Claims Decisions, at http://www.cms.hhs.gov/manuals/downloads/

In its motion, the government contends that summary judgment is appropriate because under the applicable statute and regulations, the United States is entitled to recover the amount due from Mr. Harris. Specifically, the government argues that Mr. Harris has waived any challenge to the amount or existence of the debt at issue in this suit because the time for appealing that determination has passed. In response, Mr. Harris asserts that he must be permitted to engage in discovery on the issues of liability and damages, as well as his affirmative defenses of estoppel and consortium.

This Court finds that the government is entitled to judgment as a matter of law. In this case, the Ritcheas and the defendant received a $25,000.00 settlement and primary payment in the underlying personal injury action from the ladder retailer. Because the ladder retailer took responsibility for the payment of Mr. Ritchea's medical services, demonstrated by "a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured," the government can now receive reimbursement for the medical services paid for by Medicare. 42 U.S.C. § 1395y(b)(2)(B)(iii). Furthermore, this Court holds that Mr. Harris is individually liable for reimbursing Medicare in this case because the government can recover "from <u>any</u>

---

clm104c29.pdf.

entity that has received payment from a primary plan," including an attorney.  42 C.F.R. § 411.24(g) (emphasis added).

Moreover, this Court agrees with the government that Mr. Harris's failure to pursue available administrative remedies precludes him from challenging CMS's reimbursement determination. As stated in Ulman v. United States, 558 F.2d 1, 7-8 (Ct. Cl. 1977):

> Where an administrative appeal is compulsory prior to invoking the aid of a court, it does not matter that the party who failed to pursue said appeal is petitioning the Court for relief or defending an action brought against him.  In either situation the failure to pursue the prescribed administrative course effectively prohibits his claim or defense which could have been entertained administratively in the first instance.

In United States v. Savarese, 515 F. Supp. 533 (S.D. Fla. 1981), the government determined that the defendant physician had been overpaid approximately $108,720.42 under the Medicare program.[2] When the defendant failed to repay Medicare the alleged overpayment, a claim was filed against the defendant's estate.[3] Id. at 535.  The defendant's estate did not administratively appeal the overpayment calculation.  Later during suit, however, the defendant's personal representative stated that although she would not contest the amount of the alleged overpayments, she "question[ed] the allegation that Dr. Savarese . . . received

---

[2]This amount was later reduced to $108,290.82 when a total of $429.60 due to the doctor was offset against the overpayment.

[3]The defendant passed away prior to reimbursing the government.

8

$108,290.82 in excess of the amount due him by the Medicare Program." Id. at 536. The government contended in its cross-motion for summary judgment that the decedent waived his right to judicial review of the overpayment determination because he did not utilize the administrative appeals process and that therefore, it was entitled to a judgment of a matter of law. The court agreed and held that "[d]efendant's failure to pursue administrative remedies precludes any questions regarding the amount of the overpayments received." Id. at 536.

Other courts have reached similar conclusions. See United States v. Home Health Agency, Inc., 862 F. Supp. 129, 134 (N.D. Tex. 1994) (The defendant's "failure to exhaust the administrative appellate procedure precludes it from challenging the overpayment determination which the government seeks to recover."); United States v. Total Patient Care, Inc. of Jacksonville, Florida, 780 F. Supp. 1371, 1373 (M.D. Fla. 1991) ("[T]he Court finds that defendant's failure to pursue available administrative remedies precludes judicial review of the defendant's claim concerning the propriety of the calculation of the overpayment. Exhaustion of administrative remedies is a prerequisite to any judicial review of defendant's claim under the Social Security Act.").

After careful consideration, this Court finds this authority persuasive in granting the government's motion for summary judgment. Indeed, any qualms that Mr. Harris had concerning the extent of his liability under the MSPS should have been challenged

through the administrative appeals process. By letter, dated December 13, 2005, CMS advised Mr. Harris of the amount of the reimbursement, as well as the procedures to appeal the reimbursement determination. Neither Mr. Harris nor his clients filed an appeal. Therefore, because he did not avail himself of the administrative process, Mr. Harris is now precluded from contesting the reimbursement determination that the government is seeking to recover. Accordingly, this Court finds that summary judgment in favor of the government is appropriate. <u>See</u> <u>United States v. Weinberg</u>, 2002 WL 32356399 (E.D. Pa. 2002) (granting United States partial summary judgment under MSPS and holding that United States is entitled to recover MSPS debt from beneficiary's attorney); <u>United States v. Sosnowski</u>, 822 F. Supp. 570 (W.D. Wis. 1993) (granting, in part, the United States' motion for judgment on the pleadings under MSPS and holding that the United States is entitled to recover MSPS debt from beneficiary and his attorney).

The judgment awarded to the government is $11,367.78, in accordance with 42 C.F.R. § 411.37(e)(2), which represents the total settlement amount minus the party's total procurement costs. The government is also entitled to recover interest on the total amount of reimbursement. <u>See</u> 42 C.F.R. § 405.378 ("CMS will charge interest in overpayments . . . to providers and suppliers of services."). That regulation also sets forth the rate of interest. <u>See</u> 42 C.F.R. § 405.378(d). Since no amount of interest has previously been presented to this Court, the parties shall confer

and attempt to agree upon the amount of interest to be awarded. The parties shall then present a stipulated amount to this Court within ten (10) days from the date of this memorandum opinion and order. If the parties cannot agree as to the amount of interest, then each party shall, within fifteen (15) days from the date of this memorandum opinion and order, present to this Court a written statement as to that party's detailed calculation of the amount of interest that that party contends shall be awarded.

B.   Plaintiff's Motion to Stay Discovery

In light of this Court's holding on the plaintiff's motion for summary judgment, the plaintiff's motion to stay discovery is denied as moot.

## V.   Conclusion

For the above-stated reasons, the plaintiff's motion for summary judgment is GRANTED, and the plaintiff's motion to stay discovery is DENIED AS MOOT. The plaintiff is entitled to judgment in the amount of $11,367.78 plus the amount of interest thereon which will be calculated. This Court will defer entry of judgment pursuant to Federal Rule of Civil Procedure 58 until the interest has been calculated as provided above.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:      March 26, 2009


                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE